**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000406
08-FEB-2018
08:02 AM**

NO. CAAP-15-0000406

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FUCHE CORPORATION, INC.,
dba C&J BBQ & Ramen, Plaintiff-Appellant,
v.
BILL HIN BI LEUNG and NOGUCHI & ASSOCIATES, INC.,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0280)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Ginoza and Chan, JJ.)

Plaintiff-Appellant Fuche Corporation, Inc., dba C&J
BBQ & Ramen (Fuche Corp.) appeals from the Final Judgment, filed
on April 30, 2015, in the Circuit Court of the First Circuit
(circuit court).[1]  Judgment was entered in favor of Fuche Corp.
and against Defendants-Appellees Bill Hin Bi Leung (Leung) and
Noguchi & Associates (Noguchi)(together Leung and Noguchi) for
special damages, but not for other damages claimed by Fuche Corp.

This appeal arises out of a civil action brought by
Fuche Corp., a sole proprietorship owned by John Chen (Chen),
alleging professional malpractice of insurance agents, Leung and

_____

[1]  The Honorable Edwin C. Nacino presided.

Noguchi, and breach of contract due to their failure to procure insurance coverage for water damage arising from flooding incidents which occurred from December 1, 2004 through November 17, 2005 at C&J BBQ & Ramen.

On appeal Fuche Corp. contends that the circuit court erred when it (1) granted summary judgment in favor of Noguchi and judgment as a matter of law in favor of Leung on Fuche Corp.'s claim for punitive damages, (2) granted remittitur, reducing general damages to zero, and after Fuche Corp. opted for a new trial, erred when it granted summary judgment in favor of Leung and Noguchi on Fuche Corp.'s claim for general damages, and (3) denied Fuche Corp.'s motion for pre-judgment interest.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant case law, we resolve Fuche Corp.'s appeal as follows:

(1) Fuche Corp. contends that the circuit court erred in granting Leung and Noguchi's motion for judgment as a matter of law (JMOL Motion) in favor of Leung on Fuche Corp.'s claim for punitive damages because (1) the circuit court failed to review the evidence and inferences in the light most favorable to the non-moving party, (2) the circuit court had previously denied Leung's motion for summary judgment based on the same evidence and argument, and (3) the circuit court applied the wrong standard by requiring Fuche Corp. to prove by clear and convincing evidence.

At the hearing on Leung and Noguchi's Motion for Partial Summary Judgment on Claim for Punitive Damages (Partial MSJ) on August 7, 2013, the circuit court denied the Partial MSJ as to Leung, concluding that there were genuine issues of material fact "regarding what actually transpired in the phone calls and the possible notification . . . . [and there were] clearly multiple times that [are alleged] that [Leung] was informed of the flood insurance issues which causes genuine issues of material fact as to whether or not [there was] a conscious indifference or wanton lack of care."  At trial,

2

following the close of Fuche Corp.'s case, Leung and Noguchi moved for judgment as a matter of law arguing, *inter alia*, that Fuche Corp. had failed to provide a sufficient evidentiary basis for a reasonable jury to find in favor of Fuche Corp. as to its claim seeking recovery for punitive damages. The circuit court granted the JMOL Motion, holding that the evidence presented at trial did not support an award of punitive damages against Leung. On October 29, 2013, the circuit court entered its Order Granting in Part and Denying in Part Defendants Bill Hin Bi Leung and Noguchi & Associates, Inc.'s HRCP Rule 50 Motion for Judgment as a Matter of Law Filed October 18, 2013 (Order Granting JMOL Motion).

We review the circuit court's granting of Leung and Noguchi's JMOL Motion *de novo* and apply the same standard as the trial court. Aluminum Shake Roofing, Inc. v. Hirayasu, 110 Hawaiʻi 248, 251, 131 P.3d 1230, 1233 (2006) (quoting Miyamoto v. Lum, 104 Hawaiʻi 1, 6-7, 84 P.3d 509, 514-15 (2004) (internal citations omitted)).

> "A [motion for JMOL] may be granted only when after disregarding conflicting evidence, giving to the non-moving party's evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn from the evidence in the non-moving party's favor, it can be said that there is no evidence to support a jury verdict in his or her favor." [*Miyamoto*, 104 Hawaiʻi] at 7, 84 P.3d at 515 (quoting *Tabieros* [*v. Clark Equipment Co.*], 85 Hawaiʻi [336,] 350, 944 P.2d [1279,] 1293 [(1997)]).

Ray v. Kapiolani Med. Specialists, 125 Hawaiʻi 253, 262, 259 P.3d 569, 578 (2011).

To prevail on a claim for punitive damages, a plaintiff,

> must prove by clear and convincing evidence that the defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences.

Masaki v. General Motors Corp., 71 Haw. 1, 16-17, 780 P.2d 566, 575 (1989).

> In determining whether an award of punitive damages is appropriate, the inquiry focuses primarily upon the defendant's mental state, and to a lesser degree, the nature of his conduct. In the case of most torts, ill will, evil

3

motive, or consciousness of wrongdoing on the part of the tort-feasor are not necessary to render his conduct actionable. In a negligence action, for example, the defendant may be required to make compensation if it is shown that he failed to comply with the standard of care which would be exercised by an ordinary prudent person, no matter how innocent of desire to harm. In contrast, to justify an award of punitive damages, "a positive element of conscious wrongdoing is always required." Thus, punitive damages are not awarded for mere inadvertence, mistake, or errors of judgment. *Restatement (Second) of Torts* § 908, comment b; [W.P. Keeton,] Prosser [& Keeton on the Law of Torts § 2], at 10 [5th ed. 1984)]. "Something more than the mere commission of a tort is always required for punitive damages." Prosser, at 9.

*Id.*, at 7, 780 P.2d at 570-71.

Fuche Corp. contends that the evidence provided at trial supports its allegations that Leung attempted to coverup his failure to add coverage for water damage caused by sewer backups to Fuche Corp.'s policy, that Leung repeatedly made misrepresentations to Chen, and that Leung purposefully acted to mislead Chen into thinking that Leung had procured flood damage coverage when Leung had failed to do so. Fuche Corp. argues that Leung's alleged actions and omissions constituted a conscious indifference to consequences and wanton lack of care in support of Fuche Corp.'s claim for punitive damages.

At trial, Chen testified that after notifying Leung of the first flooding incident on December 1, 2004, Leung had informed Chen that the flooding incident was not covered by his insurance policy and that because his policy was already in effect, Leung would not be able to include the additional flood coverage until the policy was renewed in September 2005. After the third flooding incident on September 4, 2005, Chen called Leung to report the flood and told Leung to add the flood coverage when Leung renewed the policy. Leung visited the restaurant the next day to inform Chen that he would be able to add flood coverage to the policy and on September 7, 2005, Leung stopped by the restaurant to pick up a check to renew the insurance policy, which was more than Chen had previously paid for insurance.

Chen further testified that on November 16, 2005, after the fourth flood was reported to Leung, Leung came to the restaurant and represented to Chen that he did not need to worry

because he was covered under his insurance policy. Leung further represented to Chen that because he was covered for the flooding incident, he should shut down the restaurant and wait for a response on his claim from the insurance company before repairing any damage and reopening. In January 2006, Chen went to Leung's office to check on the status of his insurance claim, at which time Leung informed Chen that his insurance policy did not cover the flood damage.

Cindy Lee (Lee), an employee at C&J BBQ & Ramen, provided testimony at trial that corroborated Chen's testimony regarding the multiple times that they had contacted Leung during and after the various flooding incidents. Bill Souza, an insurance adjuster, testified as an expert witness stating that additional coverage can be added mid-policy by a simple endorsement and that "if the insurer denies the endorsement, the agent can cancel and find another one."

Leung, who was called as an adverse witness, testified that when initially asked during a deposition whether he received a telephone call from Chen or Lee on December 1, 2004, after the first flood, Leung had denied that a telephone call had ever been received on that date. However, when confronted with telephone records, he acknowledged receiving a call from Chen that lasted six minutes but denied that Chen reported the flood that occurred that day and could not recall the content of the conversation. Leung further denied receiving any calls from Chen or Lee after the third flood on September 4, 2005, until he was again confronted with phone records which indicated that he had received a telephone call from C&J BBQ & Ramen on that day which lasted six minutes. Leung indicated that his written log for Fuche Corp. did not include any entries for flooding incidents due to the sewer back-ups prior to November 18, 2005, at which time he then submitted a claim on behalf of C&J BBQ & Ramen. When the claim was denied, Leung assisted Fuche Corp. with the purchase of a policy that provided coverage for the sewer backups.

Based on the testimony presented at trial, giving Fuche Corp.'s evidence all the value to which it is legally entitled,

and indulging every legitimate inference which may be drawn from the evidence in Fuche Corp.'s favor, there was sufficient evidence to support an award of punitive damages by the jury against Leung. Therefore, the determination of whether Fuche Corp. presented clear and convincing evidence of wilful misconduct or an entire want of care raising a presumption of a conscious indifference to consequences by Leung should have been submitted to the jury. Accordingly, we conclude that the circuit court erred when it granted Leung and Noguchi's JMOL Motion in favor of Leung on Fuche Corp.'s claim for punitive damages.[2]

Finally, Fuche Corp. contends that the circuit court erred in granting Leung and Noguchi's Partial MSJ in favor of Noguchi on Fuche Corp.'s claim for punitive damages because genuine issues of material fact existed as to whether Noguchi approved, authorized, or ratified Leung's alleged actions and omissions, thereby making Noguchi liable to Fuche Corp. for punitive damages.

The Hawai'i Supreme Court has explained that "[t]he deterrent or retributive effect of punitive damages must be placed squarely on the shoulders of the wrongdoer." Lauer v. Young Men's Christian Ass'n of Honolulu, 57 Haw. 390, 402, 557 P.2d 1334, 1342 (1976). "A wrongdoer in this context includes a person superior in authority who expressly authorizes, ratifies or condones the tortious act of the employee." Id.

In this case, Fuche Corp. did not provide sufficient evidence to prove that genuine issues of material fact existed as to whether Noguchi approved, authorized, or ratified Leung's activities. Liability under a ratification theory requires that "the act complained of be done on behalf of or under the authority of the employer, and there must be clear evidence of the employer's approval of the wrongful conduct." Sharples v. State, 71 Haw. 404, 406, 793 P.2d 175, 177 (1990) (citing Costa v. Able Distributors, Inc., 3 Haw. App. 486, 490, 653 P.2d 101

_____

[2] Because we conclude that the circuit court erred when it granted Leung and Noguchi's JMOL Motion as to punitive damages, we need not address the other arguments raised by Fuche Corp. regarding the circuit court's decision on the JMOL Motion.

105 (1982)). Here, there was nothing to indicate that Noguchi was aware of Leung's actions during the various flooding incidents at the restaurant. Furthermore, Fuche Corp. failed to produce any evidence as to Noguchi's knowledge of Leung's acts and representations in the procurement of insurance and submission of a claim at the time these incidents occurred.

Fuche Corp. argues that Noguchi was reckless in employing Leung and in continuing to retain him as an insurance agent after acquiring knowledge of his alleged negligence. However, we conclude that Fuche Corp. did not adduce or provide any evidence suggesting that Noguchi's actions were wilful or indicated an entire want of care raising a presumption of conscious indifference on the part of Noguchi with respect to utilizing Leung's services nor did the evidence show Noguchi acted recklessly in its retention of Leung. Given the record, we conclude that Fuche Corp. failed to raise a genuine issue of material fact that Noguchi had approved, authorized or ratified Leung's alleged actions that would warrant an award of punitive damages against Noguchi. Therefore, the circuit court did not err in granting partial summary judgment in favor of Noguchi on Fuche Corp.'s claim for punitive damages.

(2) Fuche Corp. contends that the circuit court erred: (1) when it granted remittitur, reducing general damages to zero; and (2) when after Fuche Corp. opted for a new trial, it granted summary judgment in favor of Leung and Noguchi on the issue of general damages.

The special verdict form and its accompanying jury instruction included general damages, over Leung and Noguchi's objection. On October 22, 2013, the jury returned its special verdict form in favor of Fuche Corp. on its claims for professional negligence and breach of contract awarding Fuche Corp. special damages in the amount of $39,500 and finding that Fuche Corp. suffered general damages in the amount of $110,000 (less 10% for contributory negligence).

Following entry of the Final Judgment, Leung and Noguchi moved for a new trial (New Trial/Remittitur Motion) on the issue of general damages or in the alternative, a remittitur

7

setting aside the jury's award of general damages. On April 24, 2014, the circuit court entered its order granting in part and denying in part Leung and Noguchi's motion for new trial, holding:

> The motion is GRANTED on the basis of a lack of any substantial evidence sustaining an award of general damages. Based on the totality of the circumstances, the Court finds that the evidence produced by Plaintiff FUCHE at trial and relied upon by the jury for its award of general damages was slight, conclusory in nature, and void of any reasoned methodology to support the calculation of such an amount. As such, the Court therefore concludes that the jury's award of general damages is noticeably unsupported by the dearth of evidence.

The circuit court granted remittitur of the jury's award of general damages from $110,000 to zero, or in the alternative, ordered a new trial on general damages. In response to the circuit court's order, Fuche Corp. refused remittitur and demanded a new trial which was scheduled to be held on May 26, 2015 only as to the issue of general damages.

On November 3, 2014, Leung and Noguchi moved for summary judgment arguing that Fuche Corp. had failed to present any evidence that it had suffered any general damages. On March 5, 2015 the circuit court entered its Order Granting Defendants Noguchi & Associates, Inc. and Bill Hin Bi Leung's Motion for Summary Judgment as to Plaintiff's claim for General Damages, Filed on November 3, 2014 (Order Granting MSJ), concluding that no genuine issue of material fact existed as to Fuche Corp.'s claim for general damages.

Fuche Corp. contends that the circuit court erred in granting Leung and Noguchi's New Trial/Remittitur Motion because it is inconsistent with the circuit court's prior ruling allowing for jury instructions on general damages and the inclusion of general damages in the special verdict form.

"Under [Hawai'i Rules of Civil Procedure (HRCP)] Rule 59, when the trial court believes that the judgment for damages is excessive and against the weight of the evidence, it may order remittitur and alternatively direct a new trial if the plaintiff refuses the remittitur." Au v. Kelly, 2 Haw. App. 534, 537, 634 P.2d 619, 621 (1981). "Both the grant and the denial of a motion

for new trial is within the trial court's discretion, and [the appellate court] will not reverse that decision absent a clear abuse of discretion." <u>Kawamata Farms, Inc. v. United Agri Prods.</u>, 86 Hawaiʻi 214, 251, 948 P.2d 1055, 1092 (1997) (internal quotation marks and citation omitted). "A court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party." <u>Abastillas v. Kekona</u>, 87 Hawaiʻi 446, 449, 958 P.2d 1136, 1139 (1998) (internal quotation marks, citation, and ellipsis omitted). We hold that the circuit court did not abuse its discretion when it conditionally granted Leung and Noguchi's New Trial/Remittitur Motion and ordered a new trial on general damages in lieu of a remittitur.[3]

Fuche Corp. further contends that the circuit court erred in granting Leung and Noguchi's Motion for Summary Judgment as to Fuche Corp.'s claim for general damages because evidence provided by Fuche Corp. supported an award for general damages, or at the very minimum, created a genuine issue of material fact, and that the circuit court's granting of the motion denied Fuche Corp. the right to a jury trial on general damages.

We review a trial court's grant of summary judgment de novo. <u>Kamaka v. Goodsill Anderson Quinn & Stifel</u>, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008).

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, this court must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

<u>Id.</u> (brackets omitted)(quoting <u>Price v. AIG Hawaiʻi Ins. Co.</u>, 107

---

[3] We limit our discussion to the circuit court's grant of a new trial and decline to review the amount of remittitur ordered by court. <u>See</u> <u>Rainbow Island Productions, Limited v. Leong</u>, 44 Haw. 134, 138, 351 P.2d 1089, 1092 (1960) ("Here we are reviewing the setting aside of the verdict, not the amount of the remittitur. Though the acceptance of the remittitur would have eliminated the entry of the new trial order, since it was not accepted it is functus.").

Hawai'i 106, 110, 111 P.3d 1, 5 (2005)).

"'General damages encompass all the damages which naturally and necessarily result from a legal wrong done, . . . and include such items as pain and suffering, inconvenience, and loss of enjoyment which cannot be measured definitively in monetary terms.'" Kanahele v. Han, 125 Hawai'i 446, 451 n.8, 263 P.3d 726, 731 n.8 (2011) (quoting Bynum v. Magno, 106 Hawai'i 81, 85, 101 P.3d 1149, 1153 (2004)).

In this case, Fuche Corp. stated in its Trial Brief filed on September 30, 2013 that it was "entitled to general damages in an amount to be proven at trial related to injury to its business including, but not limited to, reputational harm and lost customers due to business closure." Lee testified that Fuche Corp.'s business suffered when C&J BBQ & Ramen reopened in February 2006, following the floods in November 2005. She further testified that C&J BBQ & Ramen had regular customers before the flood, but that after reopening in February 2013, Fuche Corp. suffered a drop-off in its "volume" of business. Additionally, Fuche Corp. provided testimony of Kimo Todd, CPA, who had testified at trial as to his opinion of the amount of damages incurred by Fuche Corp. as a result of the flood incidents, which included the impact to its business reputation.

Viewing the evidence in the light most favorable to the non-moving party, there are genuine issues of material fact precluding summary judgment. At minimum, Leung and Noguchi did not establish that Fuche Corp. had no valid claim as to reputational harm sustained during the several months the restaurant was shut down while Chen was awaiting to hear from Leung on the insurance claim.[4] We therefore conclude that the circuit court erred when it granted Leung and Noguchi's summary judgment motion and determine that Fuche Corp.'s claim for general damages should have been submitted to the jury for determination of the facts surrounding the general damages claim. See Washington State Physicians Ins. Exchange & Ass'n v. Fisons

---

[4] We note that on remand, Fuche Corp. would need to show that its alleged reputational harm was caused by the lack of coverage as opposed to the underlying drain back-up causing the floods.

Corp. 122 Wash.2d 299, 332, 858 P.2d 1054, 1071 (1993). ("Damages for loss of professional reputation are not the type of damages which can be proved with mathematical certainty and are usually best left as a question of fact for the jury.").

(3) Fuche Corp. contends that the circuit court erred in denying its November 22, 2013 Motion for Prejudgment Interest, asserting that it is entitled to receive an award of prejudgment interest pursuant to HRS § 636-16 due to delays in rendering a final judgment.

> Prejudgment interest, where appropriate, is awardable under HRS § 636-16 [1993] in the discretion of the court. Generally, to constitute an abuse of discretion it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Schmidt v. Bd. of Dirs. of the Ass'n of Apartment Owners of the Marco Polo Apartments, 73 Haw. 526, 533, 836 P.2d 479, 483 (1992) (citations omitted).

> HRS § 636-16 (2016) provides
>
> In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

The Hawaiʻi Supreme Court has recognized that the "purpose of the statute . . . [is] to allow the court to designate the commencement date of interest in order to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays." Schmidt, 73 Haw. at 534, 836 P.2d at 483 (citing Leibert v. Finance Factors, Ltd., 71 Haw. 285, 293, 788 P.2d 833, 838 (1990)).

In this case, the circuit court declined to grant prejudgment interest to Fuche Corp. because there was "no purposeful delay on the part of the non-moving party" and that Fuche Corp. "is responsible for any delay that has resulted" due to its decision not to name Noguchi and/or Leung in Fuche Corp.'s prior lawsuit filed against its landlord. There is no evidence in the record to indicate that any delays in the proceeding were purposeful or that any such delays would warrant the imposition

of prejudgment interest. Therefore, we conclude that the circuit court did not abuse its discretion in denying Fuche Corp.'s request for prejudgment interest. See Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 137, 839 P.2d 10, 36 (1992)(holding that the circuit court did not abuse its discretion in denying Defendant's prejudgment interest because there was no evidence in the record that any of non-movant's conduct unduly delayed the proceedings in the case).

Based on the foregoing, the Final Judgment filed on April 30, 2015, is affirmed in part and vacated in part. Final Judgment is vacated in part with respect to the (1) Order Granting in Part and Denying in Part Defendants Bill Hin Bi Leung and Noguchi & Associates, Inc.'s HRCP Rule 50 Motion for Judgment as a Matter of Law Filed October 18, 2013 entered on October 29, 2013 and (2) Order Granting Defendants Noguchi & Associates, Inc. and Bill Hin Bi Leung's Motion for Summary Judgment as to Plaintiff's claim for General Damages, Filed on November 3, 2014 entered on March 5, 2015 and remanded to the circuit court for further proceedings in accordance herewith.

DATED: Honolulu, Hawaiʻi, February 8, 2018.

On the briefs:

Peter Van Name Esser
for Plaintiff-Appellant.

Richard B. Miller,
Patricia Kehau Wall and
(Tom Petrus & Miller LLLC)
Christopher Shea Goodwin
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

12